

FILED
AUG 23 2019
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| WILLIAM J. NORDHOLM,<br><br>Petitioner,<br><br>vs.<br><br>JIM SALMONSEN; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 18-67-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on pro se Petitioner William J. Nordholm's application for writ of habeas corpus under 28 U.S.C. § 2254. Nordholm was a state prisoner, but as explained below, he has since been released from custody.

**A. Procedural History**

Following a jury trial in Montana's Third Judicial District, Nordholm was convicted of felony Aggravated Kidnapping and misdemeanor Partner Family Member Assault (PFMA). Nordholm was sentenced to 10 years with the Montana

1

Department of Corrections (DOC), with 5 of the years suspended, on the felony and six months, all suspended, for the PFMA.

Nordholm was initially placed in a residential treatment facility. He then was transferred to a prerelease center and, in November of 2017, he was placed on conditional release status in Helena, Montana. Following a disciplinary hearing in February of 2018, Nordholm's conditional release was revoked and he returned to the Montana State Prison (MSP) to serve the balance of his sentence.

In the instant petition, Nordholm challenges the circumstances surrounding the revocation of his conditional release and the purported constitutional violations that flowed therefrom. See generally, (Doc. 1.) The State was directed to respond to Nordholm's allegations and complied with this Court's order. (Docs. 4 & 12.) Ultimately, these proceedings were stayed in order to allow Nordholm to attempt to present his federal constitutional claim to the Montana Supreme Court. (Doc. 29 at 5.) While the proceedings have been pending in this Court, Nordholm also had a direct appeal pending in which he argued the state district court committed reversible error during his trial.

Nordholm then filed an original petition for state habeas relief with the Montana Supreme Court, *Nordholm v. Guyer*, OP 19-0393. (Doc. 32 at 1.) The Montana Supreme Court dismissed Nordholm's petition and noted it had recently issued a decision wherein it reversed Nordholm's underlying criminal conviction

2

and remanded the matter for a new trial. See, *Nordholm v. Guyer*, OP 19-0393, Or. at 1 (July 30, 2019), referencing *State v. Nordholm*, 2019 MT 165, __ P. 3d __, 2019 WL 3296822 (reversing and remanding Nordholm's convictions for Aggravated Kidnapping and PFMA).[1]

On August 8, 2019, Nordholm was released from MSP. Respondents state that Nordholm is no longer serving any form of sentence with either MSP or the DOC. (Doc. 36 at 4); see also, (Doc. 36-2)(Movement Report).

**B. Mootness of Nordholm's Federal Habeas Petition**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S. Ct. 1673, 1675 (1994). "The jurisdiction of federal courts is defined and limited by Article III of the United States Constitution. *Flast v. Cohen*, 392 U.S. 83, 94 (1968). Article III, § 2 of the Constitution requires a "case or controversy" for justiciability, meaning that an injury-in-fact has occurred. Throughout litigation an individual "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). When an individual is incarcerated, a challenge to the validity of his conviction satisfies the case-or-controversy requirement: the

---

[1] All state court briefing and orders available at: Montana Supreme Court Docket, https://supremecourtdocket.mt.gov/ (accessed August 21, 2019).

3

ongoing incarceration constitutes a concrete injury and it is redressable by invalidation of the conviction. See *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "In general a case becomes moot 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)(quoting *United States Parole Comm'n v. Geraghty*, 455 U.S. 388, 396 (1980)).

"[T]he function of the writ [of habeas corpus] is to secure immediate release from illegal physical custody." *Picrin-Peron v. Rison*, 930 F. 2d 773, 775 (9th Cir. 1991). "The Supreme Court has held that 'under the writ of habeas corpus we cannot do anything else than discharge the prisoner from the wrongful confinement." *Id.* (quoting *Ex parte Medley*, 134 U.S. 160, 173 (1890)). As explained above, Nordholm was released from state custody on August 8, 2019. In his petition, as part of the relief requested, Nordholm asked this Court to (1) invalidate the revocation of his conditional release, and (2) immediately order his release back to conditional release status. (Doc. 1 at 7, ¶ 16.)

In light of Nordholm's release from state custody, this Court cannot now provide him with the relief sought; there is no case or controversy for this Court to resolve. Or to put it another way, there is no injury that can be redressed by a favorable decision and the case is now moot. *See, Burnett v. Lampert*, 432 F. 3d 996, 999-1001 (9th Cir. 2005); *Munoz v. Rowland*, 104 F. 3d 1096, 1097-98 (9th

4

Cir. 1997)("Because Munoz has been released…we can no longer provide him the primary relief sought in his habeas corpus petition").

Additionally, there is no indication that Nordholm will again be subjected to this same set of circumstances, accordingly, "[t]his is not a situation 'capable of repetition, yet evading review' to which the doctrine of mootness may not apply." *Reimers v. Oregon*, 863 F. 2d 630, 632 (9th Cir. 1988)(*quoting Cox v. McCarthy*, 829 F. 2d 800, 803)(9th Cir. 1987).

Nordholm's claims are moot and his petition should be dismissed.

I.   **Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

As explained herein, Nordholm has not yet made a substantial showing that he was deprived of a constitutional right. Moreover, because the claims are now

moot, Nordholm cannot demonstrate the existence of close questions or that there is a reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## ORDER

The Clerk of District Court is directed to remove the previously imposed stay status from the case docket.

## RECOMMENDATION

1. Respondents' Motion to Dismiss (Doc. 36) should be GRANTED and Nordholm's petition (Doc. 1) should be DISMISSED as moot.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Nordholm may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Nordholm is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

novo determination by the district judge and/or waive the right to appeal.

<u>Nordholm must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this case without notice to him.

DATED this 23rd day of August, 2019.

                                         */s/ John Johnston*
                                         John Johnston
                                         United States Magistrate Judge